IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,037-02






EX PARTE ARMANDO TIJERINA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 09-7-24,475-A-2 IN THE 24TH DISTRICT COURT


FROM VICTORIA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
one count of attempted capital murder, one count of arson, and one count of burglary of a
habitation with intent to commit arson, all first degree felonies. See Tex. Penal Code §§
15.01, 19.03, 28.02, 30.02. He was sentenced to concurrent terms of 40, 30, and 10 years'
imprisonment, respectively. Applicant did not appeal the convictions.

 Applicant argues (1) that his multiple convictions violates double jeopardy and (2) that
there is no evidence to support the jury's determination that the child he attempted to murder
was under six years of age. He also contends (3) that no evidence showed the child was ever
in the home while the incendiary device Applicant left to kill the child was there. Applicant
further argues that trial counsel rendered ineffective assistance in several ways. He complains
(4) that the probable cause affidavit upon which his arrest warrant was based was
insufficient, meaning the fingerprint evidence gained from the arrest should have been
suppressed, (5) that his trial attorney failed to object to the jury charge, allowing for multiple
convictions based on the same set of facts, (6) that had counsel researched the law
concerning double jeopardy, he would have learned the multiple verdicts violated the clause,
and (7) that counsel failed to advise Applicant that he could enter guilty pleas to some of the
counts and not guilty pleas to others.

 Applicant has alleged facts that, if true, might entitle him to relief regarding the above
claims 1 and 6 (only in relation to the arson and burglary convictions), 2, and 4. Strickland
v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). The remaining claims are without merit and are not remanded for further
consideration. 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity
to respond to Applicant's claim of ineffective assistance by ordering trial counsel to file an
affidavit. In addition to obtaining this affidavit, the trial court may also use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve Applicant's claims. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make findings regarding the age of the child
at the time of the offense and any other findings of fact that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief. Further, the trial court shall
supplement the habeas record with a copy of the probable cause affidavit(s) used as the basis
for issuing Applicant's arrest warrant.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: August 24, 2011

Do not publish